Filed 6/27/13  In re M.C. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | B242724<br><br>(Los Angeles County<br>Super. Ct. No. JJ19657) |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>M.C.,<br><br>　　　Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol Richardson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Minor M.C., now 18, appeals from an order declaring him a ward of the juvenile court pursuant to Welfare and Institutions Code section 602, following a finding M.C. committed two counts of misdemeanor battery (Pen. Code, § 242). We appointed appellate counsel to represent him. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The brief included a declaration from counsel that she reviewed the record and advised M.C. of his right, under *Wende*, to submit a supplemental brief. On February 13, 2013, this court sent M.C. notice at his last known address advising him that he had 30 days to personally submit any contentions or issues that he wished to raise on appeal. The notice was returned as undeliverable with no forwarding address. We contacted appointed counsel, who informed this court she did not have a current forwarding address for M.C., but provided M.C.'s parents' address. On April 25, 2013, we sent M.C. a notice at his parents' address, again advising he had 30 days to submit a supplemental brief to this court. No timely response was received. Because it was M.C.'s obligation to inform the court of any changes of address while his appeal was pending, we will reach the merits of the appeal. (See Cal. Rules of Court, rule 8.32.)

The facts are these: On the evening of April 25, 2012, M.C.'s mother and father returned to their San Pedro home to find M.C. on their front porch. He was trying to get into the house, even though he did not have a key. Mother started to open the front door, but did not want M.C. to enter the house, because she wanted to talk to him about why he had changed the lock on his bedroom door earlier that day. M.C. pushed mother out of his way and entered the home. Mother tried to call the police, but M.C. snatched her phone and elbowed her in the face. Father went to intervene, and M.C. pushed him to the ground. Father grabbed M.C.'s legs, and M.C. dragged father across the living room.

M.C. testified he did not hit or push either of his parents. He had been waiting outside of his home for an hour. When M.C.'s parents returned home, they sat in the car for 30 minutes before walking to the front door. Mother opened the door, and M.C. walked into the house. Father told M.C. to "[g]et out" of the house. It had been raining,

2

and father slipped on the threshold of the front door.  Father grabbed M.C.'s legs after he fell to the ground.  M.C. tried to help father get up.

The juvenile court found the allegations to be true.  The court declared M.C. a ward of the court and ordered him suitably placed, as his parents did not want him in their home.  The court declared a maximum term of confinement of eight months, with credit given for 42 days.  In addition to the standard terms of probation, the court ordered M.C. to make restitution of $50.

We have examined the entire record, consisting of one volume of clerk's transcript and one volume of reporter's transcript, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)  We therefore affirm the order of wardship below.

## DISPOSITION

The order of wardship is affirmed.


                                                    GRIMES, J.

We concur:


        BIGELOW, P. J.


        RUBIN, J.


3